**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ATEL KHALIL and AMIRA TAWFIK,**

          **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-1324-Orl-28KRS**

**JACOBS ENGINEERING GROUP, INC.,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF FLSA PORTION OF SETTLEMENT (Doc. No. 41)**
>
> **FILED:** February 3, 2012

Plaintiffs Atef Khalil and Amira Tawfik alleged in their first amended complaint that Defendant Jacobs Engineering Group, Inc. violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, Title VII, and various Florida statutes and law. Doc. No. 17. The parties have settled their dispute. The ask that the Court approve the settlement of the FLSA claims as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

In their complaint, Khalil and Tawfik allege that Defendant failed to pay them overtime compensation due under the FLSA and retaliated against them for complaining about the alleged FLSA violation. In his answers to the Court's interrogatories, Khalil averred that he was owed

$5,317.00 in overtime compensation and an equal amount in liquidated damages. Doc. No. 19-1 at 3. Tawfik averred that she was owed $7,040.00 in overtime compensation and an equal amount in liquidated damages. Doc. No. 19-2 at 3.

Under the settlement agreement, Khalil will receive at total of $12,254.00, of which $2,965.60 has been allocated to the FLSA overtime claim. Doc. No. 41-1 at 6. Under the settlement agreement, Tawfik will receive a total of $12,909.58, of which $3,621.20 has been allocated to the FLSA overtime claim. Doc. No. 41-1 at 7. No damages are allocated to the FLSA retaliation claim. Based on the allocation of the settlement proceeds, Khalil and Tawfik have compromised their FLSA claims.

In the above-referenced motion, counsel state that Khalil and Tawfik agreed to compromise their claims based on disputes regarding the number of hours worked, the amount of overtime compensation due, if any, and whether they were exempt employees under the FLSA. This adequately explains the reason for the compromise.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[1] When the attorney's fees are agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees

---

[1]The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

Under the settlement agreement, $3,413.20 in attorneys' fees and costs have been allocated to settlement of the FLSA claims. Doc. No. 41-1 at 6-7. Counsel for the parties represent that this amount was resolved separately and without regard to the amount paid to Khalil and Tawfik. Doc. No. 41 at 8. Therefore, the Court need not consider the reasonableness of the fees if the settlement agreement otherwise appears reasonable on its face.

Due to the scope of the settlement agreement release, however, the settlement agreement is not reasonable on its face. Under the settlement agreement, Khalil and Tawfik release a host of claims, many of which are totally unrelated to the matters in dispute in this case. *See* Doc. No. 41-1 at 4-6. They also release not only Defendant Jacobs Engineering Group, Inc., but also the following:

> [Jacobs Engineering Group, Inc.'s] parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and **future** directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims, **whether known, unknown, anticipated, unanticipated, disclosed or undisclosed**, against any of the Releasees which Plaintiffs have or might have as of the date of execution of this agreement, including, but not limited to, any claims arising out of or in any way connected with Plaintiffs' employment with Defendant.

Doc. No. 41-1 at 4 (emphasis added). Based on the scope of this release, if Khalil or Tawfik might have had a claim against Jane Doe as of the date the settlement agreement was executed for violation of any of the causes of action released under the settlement agreement, even if they are

not currently aware of such claim, and Jane Doe becomes an officer, shareholder, member, employee, agent, insurer or attorney for Jacobs Engineering Group, Inc. at any time in the future, the claim would be barred by the release in this settlement agreement.

"Settlement of an FLSA claim is not an occasion for employers to extract valuable concessions unfairly from employees." *Hogan v. Allstate Beverage Co.*, No. 2:10-cv-390-MHT, 2011 WL 3568818, at * 7 (M.D. Ala. Aug. 15, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1238 (M.D. Fla. 2010). In *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010), a judge of this Court found that a sweeping release rendered a settlement in an FLSA action "both unfair and incapable of valuation," because "[a]bsent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate." Similarly, in the present case, claims that Khalil and Tawfik did not know to exist when they signed the settlement agreement, including claims against individuals or entities who **in the future** may be included in the group of Releasees, are incapable of valuation. Under these circumstances, I recommend that the Court find that the settlement is not a fair and reasonable resolution of Plaintiffs' FLSA claims.

Based on the foregoing, I respectfully recommend that the Court **DENY** the Joint Motion for Approval of FLSA Portion of Settlement (Doc. No. 41.) I further recommend that the Court give the parties thirty days from its ruling on this Report and Recommendation to submit a revised settlement agreement and motion for a fairness finding, failing which the case should proceed as previously scheduled.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on February 22, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record