**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ATEL KHALIL and AMIRA TAWFIK,**

            **Plaintiffs,**

**-vs-**                                 **Case No. 6:10-cv-1324-Orl-28KRS**

**JACOBS ENGINEERING GROUP, INC.,**

            **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 45)**
>
> **FILED:**      **April 18, 2012**

Plaintiffs Atef Khalil and Amira Tawfik alleged in their first amended complaint that Defendant Jacobs Engineering Group, Inc. violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, Title VII, and various Florida statutes and law. Doc. No. 17. The parties have settled their dispute. They previously asked that the Court approve the settlement of the FLSA claims as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

In a Report and Recommendation adopted by the Court (Doc. No. 42), which I incorporate herein by reference, I recommended that the Court find that the settlement was not fair due to the

scope of the release. Counsel for the parties now stipulate to strike language from the release pursuant to the severability provision of the settlement agreement. As revised, the release would read as follows:

> Plaintiffs hereby knowingly and voluntarily release and forever discharge Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and they past [and] present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims, against any of the Releasees which Plaintiffs have or might have as of the date of execution of this Agreement, including, but not limited to, any claims arising out of or in any way connected with Plaintiffs' employment with Defendant. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged under: [26 listed statutory causes of action]; Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; Any public policy, contract, tort or common law; or Any claim for costs, fees or other expenses including attorneys' fees incurred in these matters; Any COBRA claims on behalf of and as guardians of their minor children.

Doc. No. 45 at 5; Doc. No. 41-1 at 4-6. Judges in this district appear to be split on whether this form of release, even as narrowed, is permissible in an FLSA case. *Compare Bright v. Mental Health Resource Center, Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. March 14, 2012) (Dalton, J.), and *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010), *with Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057 (M.D. Fla. March 5, 2012) (Baker, M.J.).

In the present case, the release applies not only to the FLSA claim but also to other causes of action. While there is no indication that the release was negotiated in exchange for independent consideration, Plaintiffs will receive compensation for each of their causes of action. In *Robertson*

*v. Ther-Rx Corp.*, No. 2:09-cv-1010-MHT (WO), 2011 WL 1810193, at * 2 (M.D. Ala. May 12, 2011), the Court found that a release of all employment claims Plaintiff had as of the time of execution of the settlement agreement was not problematic because Plaintiff received compensation for the FLSA claim and separate compensation for her claims under Title VII and the Family and Medical Leave Act. Should the Court choose to follow that rationale, the release in this case would not undermine the fairness of the settlement.

Because there is no controlling decisional authority on this issue, the undersigned cannot make a recommendation on this issue. To the extent that the Court finds that the release, as amended, does not undermine the fairness of the settlement, I recommend that the Court find that the settlement is a fair resolution of the FLSA claim for the reasons stated in my earlier Report and Recommendation. To the extent that the Court finds that the release, as amended, undermines the fairness of the settlement, then I recommend that the Court find that the settlement is not a fair resolution of the FLSA claim.

### III. RECOMMENDATION.

For the reasons set forth above, I **respectfully recommend** that, if the Court finds that the release, as amended, does not undermine the fairness of the settlement, that it find that the settlement is a fair resolution of a *bona fide* dispute under the FLSA and grant the Joint Motion to Enforce Settlement Agreement, Doc. No. 45, and thereafter direct the Clerk of Court to close the case. If the Court finds that the release, as amended, undermines the fairness of the settlement, then I **respectfully recommend** that the Court deny the Joint Motion to Enforce Settlement

Agreement, Doc. No. 45, lift the stay of the Case Management and Scheduling Order deadlines, and allow the case to proceed to trial.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on May 25, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record

---

[1] The parties may settle all of the causes of action except the FLSA claim without Court approval. It is not clear whether the settlement of the other causes of action will stand if the Court finds that the settlement is not fair as to the FLSA claim.